UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 15-CV-2825 (JFB)(AKT)

———————

DARIN POOLE,

Plaintiff,

VERSUS

NASSAU COUNTY JAIL ET AL.,

Defendants.

———————

**MEMORANDUM AND ORDER**
March 21, 2016

———————

JOSEPH F. BIANCO, District Judge:

On May 6, 2015, plaintiff Darin Poole ("Poole" or "plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action against defendants Nassau County, Nassau County Correctional Center ("NCCC," s/h/a Nassau County Jail), Nassau County Sheriff's Department, and Nassau County Department of Health (collectively, "County Defendants"), as well as against the State of New York (s/h/a N.Y. State). Plaintiff alleges a claim under Section 1983 based on the conditions of his confinement while incarcerated at the NCCC.

County Defendants now move to dismiss for failure to state a claim pursuant to Rule 12(b)(6). New York State moves to dismiss the complaint under Rule 12(b)(1) on the grounds that plaintiff's action is barred by the Eleventh Amendment, as well as under Rule 12(b)(6) for failure to state a claim.

For the reasons discussed below, the County Defendants' motion is denied, and New York State's motion is granted.

I. BACKGROUND

A. Facts

The following facts are taken from the plaintiff's complaint (Compl.) and are not findings of fact by the Court. Instead, the Court will assume the facts to be true and, for purposes of the pending motions to dismiss, will construe them in a light most favorable to the plaintiff, the non-moving party.

Plaintiff alleges that "all cell (sic) have roaches mice and rats beside the mold, lead pain (sic), and broken base board heater (sic)." (Attach. A. to Compl. at 4.) Plaintiff alleges that rodents "come out at night running in and out of each and every cell looking for food same as the roaches and ants." (Attach. A at 4.) Plaintiff further alleges that "[t]here are rodents in all kitchen

1

areas," including rats, mice, ants, and roaches. (Compl. at 13.) Plaintiff also alleges that he was bitten by mice and ants, and claims that although he filled out medical forms, he was never seen or treated "about that matter." (*Id*. at ¶ IV.A.) Plaintiff alleges that as a result, there was "pain + suffering" because his "left foot small toe was bitten and swollen." (*Id.*)

Plaintiff also alleges that "2 inmates that dont (sic) belong in general population [ ] are causing the regular inmates to lose almost 5 hrs (sic) of rec time on a daily basis. These special lock in inmates are suppose (sic) to be housed in a whole different housing area call (sic) seg." (Attach. A. at 1.)

### B. Procedural History

On May 6, 2015, plaintiff commenced this action. On August 4, 2015, the State of New York filed a motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On September 8, 2015, County Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). Plaintiff has failed to respond to either motion, and on November 2, 2015, County Defendants submitted a letter requesting that their motion be submitted as unopposed.

### II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), setting forth a two-pronged approach for courts deciding a motion to dismiss. The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 556 U.S. at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

When a court reviews a motion to dismiss for lack of subject-matter jurisdiction, it "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id*. "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Where, as here, the plaintiff is proceeding *pro se*, "a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

### III. DISCUSSION

As an initial matter, in addition to himself, Poole also purports to raise claims on behalf of a group of other inmates. (*See* Compl. at 5.) "A *pro se* litigant, however, is not empowered to proceed on behalf of anyone other than himself." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) (citing 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)); *see also Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 132-33 (2d Cir. 2009). Thus, the Court will address the merits of plaintiff's case as an individual action brought by him. Any request to allow plaintiff to bring claims on behalf of other inmates is denied.

### A. Conditions of Confinement

Plaintiff brings a claim under Section 1983 against the defendants.[1] To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). Plaintiff alleges a violation of his Eighth Amendment rights due to the conditions of his confinement.[2] For the reasons explained below, the Court finds that plaintiff has adequately stated a claim based on the conditions of his confinement at the NCCC.

A prisoner alleging an Eighth Amendment claim based upon the conditions of his confinement "may prevail only where he proves both an objective element—that

---

[1] Plaintiff asserts Section 1983 claims against the NCCC, Nassau County Sheriff's Department, and the Nassau County Department of Health. The Court notes, however, that these entities are "administrative arms" of a municipality, Nassau County, and accordingly, cannot be sued. *See, e.g.*, *Melendez v. Nassau Cty.*, No. 10-CV-2516 (SJF)(WDW), 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing plaintiff's claims against the Nassau County Sherriff's Department of Correction and Nassau County Correctional Center because those entities are "administrative arms of Nassau County, and therefore are not suable entities"); *see also Joseph v. Nassau Cty. Corr. Ctr.*, No. 12-CV-4414 (JFB)(AKT), 2013 WL 1702162, at *3 (E.D.N.Y. Apr. 19, 2013) (dismissing claims against Nassau County Correctional Center and Nassau County Sheriff's Department because "both entities are 'administrative arms' of a municipality, Nassau County, and accordingly, cannot be sued."). "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *David v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). Thus, plaintiff cannot raise a plausible Section 1983 claim against the NCCC, Nassau County Sheriff's Department, or the Nassau County Department of Health, and such claims are dismissed.

[2] To the extent that plaintiff claims that he was bitten by a mouse but did not receive medical treatment, (*see* Compl. ¶ IV.A.), plaintiff's conclusory statement about a lack of medical treatment is insufficient to state a claim for medical indifference. If plaintiff intends to include a claim for medical indifference, he must file an amended complaint that includes more details on the nature of his injury and the lack of treatment.

3

the prison officials' transgression was 'sufficiently serious'—and a subjective element—that the officials acted, or omitted to act, with a 'sufficiently culpable state of mind,' *i.e.*, with 'deliberate indifference to inmate health or safety.'" *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

The objective requirement "'does not mandate comfortable prisons,' [but] prisoners may not be denied 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981)). Thus, the Eighth Amendment requires prisoners receive their "basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation and internal quotation marks omitted). Prison officials also may not "pose an unreasonable risk of serious damage to [prisoners'] future health." *Id.* at 35. Regarding the subjective requirement, "'a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Phelps*, 308 F.3d at 185-86 (quoting *Farmer*, 511 U.S. at 837).

Here, plaintiff alleges that "[a]ll cell (sic) have roaches mice and rats besides the mold, lead pain (sic), and broken baseboard heater." (Attach. A at 4.) Plaintiff alleges that "[t]here are rodents in all kitchen areas rats mice ants roaches" and that rodents "come out at night running in and out of each and every cell looking for food same as the roaches and ants." (Compl. at 13; Attach. A at 4.) Plaintiff also alleges that he has been bitten by mice and ants, and that many other inmates have been bitten by "rodents ants roaches and spider." (*Id.* at IV.A.; Attach. A at 5.) Although individually each of these allegations would not necessarily rise to the level of an Eighth Amendment violation, the combination of the conditions alleged is sufficient to articulate a plausible Eighth Amendment claim based upon the conditions of plaintiff's confinement. *See Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) ("To meet the objective element, the inmate must show that the conditions, either alone or *in combination*, pose an unreasonable risk of serious damage to his health.") (emphasis added) (citing *Rhodes*, 452 U.S. at 347; *Phelps*, 308 F.3d at 185); *Cano v. City of New York*, 44 F. Supp. 3d 324, 333 (E.D.N.Y. 2014) ("Particularly when considering the various conditions in the aggregate, Plaintiffs have plausibly alleged that the deprivation they faced was sufficiently serious and failed to meet contemporary standards of decency."). Plaintiff's claims that the cells and kitchen areas are infested with rats, mice, ants, spiders, and roaches, and that the cells have mold, lead paint, and broken heaters, in combination, are sufficient to satisfy the objective element of plaintiff's conditions of confinement claim. *See, e.g.*, *Reid v. Nassau Cty. Sheriff's Dep't*, No. 13-CV-1192 (SJF) (SIL), 2014 WL 4185195, at *15 (E.D.N.Y. Aug. 20, 2014) (finding allegations that inmates' "cells and/or housing units are infested with insects and rodents [and] that they are exposed to asbestos, black mold and human waste on a chronic basis" were sufficient to satisfy objective element).

Plaintiff has also specifically alleged sufficient facts to satisfy the subjective prong of his claim. Plaintiff alleges that he and other inmates "have grieved a number of complaints" including "rodents [and] bugs." (Compl. 11.; *see also* Attach. A at 4 ("Me myself and all inmates mentioned in this complaint have filled out so many grievances

for everything that has been mentioned.").) Further, "Defendants' knowledge may be inferred by the simple fact that these Defendants must have viewed the conditions of the cell when they placed Plaintiff in it." *Barnes*, 85 F. Supp. 3d at 738; *see also Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003) ("[E]vidence that the risk was obvious or otherwise must have been known to a defendant is sufficient to permit a jury to conclude that the defendant was actually aware of it."); *cf. Gaston*, 249 F.3d at 166 (finding Plaintiff's allegation that defendant prison guards "made daily rounds of SHU" was sufficient to allege that defendants had actual knowledge of the inhumane conditions). Thus, at the motion to dismiss stage of the litigation, plaintiff has alleged sufficient facts to satisfy the subjective prong of his claim.

Accordingly, plaintiff has articulated a plausible Section 1983 claim, based upon his conditions of confinement, that survives a motion to dismiss by the County Defendants.

B.  Failure to Exhaust

County Defendants argue that plaintiff's claims are barred by the Prison Litigation Reform Act ("PLRA") because plaintiff failed to exhaust available administrative remedies at the NCCC prior to commencing this action.

The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). "Prisoners must utilize the state's grievance procedures, regardless of whether the relief sought is offered through those procedures." *Id.* (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Therefore, the exhaustion inquiry requires a court to "look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal*, 558 F.3d at 124 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford*, 548 U.S. at 88-90).

Prior to *Woodford*, the Second Circuit

recognized some nuances in the exhaustion requirement: (1) administrative remedies that are ostensibly 'available' may be unavailable as a practical matter, for instance, if the inmate has already obtained a favorable result in administrative proceedings but has no means of enforcing that result, or if the inmate has been deterred by intimidation; (2) similarly, if prison officials inhibit the inmate's ability to seek administrative review, that behavior may equitably estop them from raising an exhaustion defense; (3) imperfect exhaustion may be justified in special circumstances, for instance if the inmate complied with his reasonable interpretation of unclear administrative regulations, or if the inmate reasonably believed he could raise a grievance in disciplinary

> proceedings and gave prison officials sufficient information to investigate the grievance.

*Reynoso v. Swezey*, 238 F. App'x 660, 662 (2d Cir. 2007) (internal citations omitted); *see also Davis v. New York*, 311 F. App'x 397, 399 (2d Cir. 2009) (citing *Hemphill v. New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004)). Initially, it was unclear whether the above-discussed considerations would be impacted by *Woodford*. *See, e.g.*, *Reynoso*, 238 F. App'x at 662 ("Because we agree with the district court that [plaintiff] cannot prevail on any of these grounds, we have no occasion to decide whether *Woodford* has bearing on them."); *Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 176 (2d Cir. 2006) ("We need not determine what effect *Woodford* has on our case law in this area, however, because [plaintiff] could not have prevailed even under our pre-*Woodford* case law."). However, even after *Woodford*, the Second Circuit has continued to hold that an inmate's failure to comply with the exhaustion requirement may be excused on these grounds. *See Messa*, 652 F.3d 305, 309 (2d Cir. 2011) (citing *Hemphill* factors).

As the Supreme Court has held, exhaustion is an affirmative defense. *See Jones*, 549 U.S. at 216 ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); *see also Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (Report and Recommendation) ("Failure to exhaust administrative remedies under the PLRA is an affirmative defense, and thus the defendants have the burden of proving that [plaintiff's] retaliation claim has not been exhausted." (citations omitted)).

County Defendants argue that plaintiff "failed to exhaust his administrative remedies prior to initiating the present action by not taking his grievance to the highest level of administrative review." (County Defs.' Mem. of Law at 8.) County Defendants also argue that "the portion of Plaintiff's complaint that requires him to address whether there is a grievance procedure at the Nassau County Correctional Center and whether said procedure was followed is left blank." (*Id.*)

County Defendants are correct that plaintiff left blank the portion of his complaint that asks about prisoner grievance procedures. (*See* Compl. ¶ II.) However, plaintiff alleges in other places throughout his complaint that he did submit grievances and exhaust his claim. For example, plaintiff alleges that he and other inmates "have grieved a number of complaints" including "rodents, bugs, our rec time issues, and the lock in inmate issues." (Compl. at 11; *see also* Attach. A at 4 ("Me myself and all inmates mentioned in this complaint have filled out so many grievances for everything that has been mentioned.").) Plaintiff further alleges that "[t]he coordinator claims that they haven't received such grievances which is not true. We believe that they were hit with so many that the cordinator's (sic) didn't want to deal with the issues at hand." (Compl. at 11.)

Construing the allegations in the complaint and drawing all reasonable inferences in plaintiff's favor, as the Court must on a motion to dismiss, the Court cannot conclude on this record that plaintiff failed to exhaust his administrative remedies. *See, e.g.*, *Moschetto v. Nassau Cty. Sheriff*, No. 10-CV-1971 (JFB)(AKT), 2011 WL 2457927, at *4 n.3 (E.D.N.Y. June 16, 2011). Thus, defendants' motion to dismiss for a failure to allege exhaustion is dismissed without prejudice to renewal at a later stage in the litigation once discovery on the issue is complete.

C. Defendant New York State

New York State moved to dismiss the complaint under Rule 12(b)(1) on the grounds that plaintiff's action against them is barred by the Eleventh Amendment. Because New York State is entitled to Eleventh Amendment immunity, the claims against it must be dismissed.

The Eleventh Amendment states that the "[j]udicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, the Eleventh Amendment bars federal suits against state governments by a state's citizens, unless that state "waive[s] its . . . immunity from suit in a federal court," *Lapides v. Bd. of Regents of Univ. of Ga.*, 535 U.S. 613, 618 (2002), or Congress "abrogate[s] such immunity . . . [by] mak[ing] its intention to abrogate unmistakably clear in the language of [a federal] statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment," *Nev. Dep't. of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003).

New York "has not waived its immunity as to suits seeking either monetary or injunctive relief in federal court." *Goonewardena v. New York*, 475 F. Supp. 2d. 310, 322 (S.D.N.Y. 2007) (citing N.Y. Court of Claims Act § 8 (McKinney 2006)). In addition, Congress has not abrogated such immunity. Accordingly, New York State is entitled to Eleventh Amendment immunity, and the claims against it must be dismissed. *See, e.g.*, *Marmot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (affirming dismissal of Section 1983 action against New York state agency and stating that "[i]t is well-established that New York has not consented to § 1983 suits in federal court").

IV. CONCLUSION

For the foregoing reasons, County Defendants' motion to dismiss is denied. However, all claims against Nassau County Correctional Center, Nassau County Sheriff's Department, and the Nassau County Department of Health are dismissed. Defendant New York State's motion to dismiss pursuant to Rule 12(b)(1) is granted, and the claims against it are dismissed.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:   March 21, 2016
         Central Islip, NY


\*\*\*

Plaintiff proceeds *pro se*. County Defendants are represented by Thomas Lai, Nassau County Attorney Office, 1 West Street, Mineola, NY 11501. New York State is represented by Lori L. Pack, Office of the New York State Attorney General, 300 Motor Parkway, Suite 205, Hauppauge, NY 11788.